**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRINA F. COLON,

        Plaintiff(s),

v.

ONEWEST BANK, FSB, et al.,

        Defendant(s).

2:12-CV-1356 JCM (PAL)

**ORDER**

Presently before the court is plaintiff Trina F. Colon's motion to remand. (Doc. # 17). Defendant Land Title of Nevada, Inc. ("Land Title") filed an opposition (doc. # 52), to which defendant Regional Trustee Services ("Regional Trustee") joined (doc. # 54).[1] Plaintiff replied. (Doc. # 60).

**I.  Factual background**

This dispute arises out an alleged wrongful foreclosure. On or about February 7, 2012, plaintiff obtained a loan in the principal amount of $740,000.00 from Oak Hill Mortgage, Inc. ("Oak Hill") to finance the purchase of real property located at 8316 Chapelle Court, Las Vegas, Nevada 89131. As security for repayment of the loan, plaintiff executed a deed of trust against the property

---

[1] The court acknowledges that Land Title concurrently filed a request for judicial notice. (Doc. # 53). A fact is subject to judicial notice if it is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The court may take judicial notice of matters of public record. *See United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008). Here, Land Title submits the deed of trust, the substitution of trustee, the notice of default and election to sell under the deed of trust, and the real property parcel record. The court grants Land Title's request for judicial notice as to these documents.

**James C. Mahan**
**U.S. District Judge**

1  in favor of Oak Hill. The instrument listed Oak Hill as the lender, Land Title as the trustee, and
2  plaintiff as the borrower. The deed of trust was recorded with the recorder's office on February 13,
3  2007.

4      On or about March 23, 2009, after plaintiff defaulted on the loan payment, Regional Trustee
5  was substituted as trustee in place of Land Title. The same day as the substitution, Regional Trustee
6  initiated foreclosure proceedings.

7      On June 6, 2012, plaintiff filed this action in Nevada state court in case number A-12-
8  662994-C. On June 26, 2012, plaintiff amended her complaint. (Doc. # 1-2). Plaintiff brings the
9  instant action against OneWest Bank, FSB on behalf of Indymac Federal Bank, FSB ("OneWest");
10 Regional Trustee; Mortgage Electronic Systems, Inc. ("MERS"); and Land Title. Plaintiff alleges
11 seven state law claims: (1) violation of NRS § 107.085 by OneWest and Regional Trustee; (2)
12 violation of NRS § 111.240 by Regional Trustee; (3) false representation/false document against
13 MERS, OneWest, and Regional Trustee; (4) negligence per se against MERS, OneWest, and
14 Regional Trustee; (5) statutorily defective foreclosure against OneWest and Regional Trustee; (6)
15 slander of title against MERS, OneWest, and Regional Trustee; (7) breach of fiduciary
16 duty/nonfeasance against Land Title. (Doc. # 1-2).

17     On July 31, 2012, Land Title filed its petition for removal. (Doc. # 1). In its petition for
18 removal, Land Title invoked this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332,
19 by arguing that there is diversity of parties and establishing over $75,000 in controversy. Plaintiff
20 filed the instant motion to remand. Plaintiff argues that remand is proper because there is not
21 diversity among plaintiff and defendants.

22 **II.   Discussion**

23     **A.   Fraudulent joinder**

24     Land Title removed this matter on the premise that it was fraudulently joined to defeat
25 diversity. Thus, if Land Title is found to be improperly joined, there is complete diversity between
26 the parties. Plaintiff argues that the court should remand this matter based on the lack of complete
27 diversity between plaintiff and defendants, as Land Title was not improperly joined.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

## I. Legal standard

In deciding whether removal was proper, courts strictly construe the statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

For diversity jurisdiction, federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hamilton Materials Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2009) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)) (alteration in original).

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206. The removing defendant bears the burden of proving that removal is appropriate and is entitled to present facts showing that joinder is fraudulent. *McCabe*, 811 F.2d at 1339.

In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

. . .

. . .

. . .

. . .

      **ii.**      **Analysis**[2]

As stated, plaintiff brings one cause of action against Land Title for nonfeasance/breach of fiduciary duty. (Doc. # 1-2).

As an initial matter, the court acknowledges this is a *pro se* complaint and motion, which are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

Land Title argues that its only involvement in this case was as the original trustee on the deed of trust. (Doc. # 1, 2:11-12). Land Title points to NRS 107.028(5) which clearly states that a trustee does not have a fiduciary duty under a deed of trust. (*Id.*, 6:5-7). Land Title also argues that it has long been held that a trustee under a deed of trust does not owe fiduciary obligations. (Doc. # 52, 5:24-27).

The court, however, does not find that Land Title has satisfied its burden of establishing fraudulent joinder by clear and convincing evidence. *See Hamilton Materials*, 494 F.3d at 1206. Thus, Land Title has not demonstrated that plaintiff has not stated a cause of action against it "according to the settled rules of the state." *Id.*

      **a.**      **Non-retroactivity of NRS 107.028(5)**

In 2011, the Nevada Legislature amended chapter 107 of the Nevada Revised Statutes to include a new section providing that "[t]he trustee does not have a fiduciary obligation to the trustor or any other person having an interest in the property which is subject to the deed of trust." NRS § 107.028(5). This amendment was effective October 1, 2011. (A.B. 284 §§ 6, 15, amended by A.B. 273 §§ 5.8, 5.95, 2011 Leg., 76th Sess. (Nev. 2011)). Because plaintiff's claim against Land Title occurred before the effective date of this amendment, the court will not apply NRS § 107.028(5).

Prior to the amendment, Nevada courts had not squarely addressed whether a trustee under

---

[2] The court's analysis is specific to the requirements of fraudulent joinder under the clear and convincing evidence standard. *Hamilton Materials*, 494 F.3d at 1206.

James C. Mahan
U.S. District Judge

- 4 -

a deed of trust owes a fiduciary duty to the trustor.

### b. Absence of governing Nevada case law

Land Title has not cited *one* case that establishes, under *Nevada* law, that a trustee of deed of trust does not owe a trustor a fiduciary duty. Instead, Land Title relies on California common law for the contention that courts have refused to impose duties on the trustee other than those imposed by statute or specified in the deed of trust. However, the very act of looking to another jurisdiction's case law concedes that the case law in Nevada was *not* settled proceeding the 2011 amendment to NRS chapter 107.

"Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance."*Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004) (quotation omitted); *see, e.g., People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 895 P.2d 1269, 1281–82 (1995); *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 94 Nev. 536, 583 P.2d 449, 451 (1978). In fact, this court has also looked to California common law on this exact issue because the law was not settled in Nevada. *See Orzoff v. Bank of Am., N.A.*, No. 2:10–CV–02202–JCM–GWF, 2011 WL 1539897, at *3 (D.Nev. Apr. 22, 2011).

It is clear that there is a long standing legal principle that a trustee does not become subject to a fiduciary obligation because of the deed of trust that is recognized in other jurisdictions and in treatises. And surely, NRS § 107.028(5) codified this legal principle, however, Land Title cites no case law or legislative history suggesting that NRS § 107.028 was enacted *to codify* the settled law *of Nevada*.

Further, this court declines to engage in a strained analysis of predicting what the Nevada state court would do if this question were before it. The court finds that this question to be more appropriately before the Nevada court, as it was not settled law of Nevada. *See Hamilton Materials*, 494 F.3d at 1206.[3]

---

[3] "If there are no Nevada Supreme Court decisions directly on point," the court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Eichacker v. Paul Revere Life Ins. Co.*, 354 F.3d 1142, 1145 (9th Cir. 2004).

1  The court now addresses whether it has subject matter jurisdiction if Land Title is properly
2  a party to the instant action.

3  **B.  Subject matter jurisdiction**

4  **I.  Amount in controversy**

5  Although Land Title does not address the amount in controversy in its petition for removal,
6  the court, in fairness, looks to plaintiff's complaint and the property parcel record to determine the
7  amount in controversy. Plaintiff's complaint alleges that she sustained damages in excess of $10,000.
8  (Doc. # 1-2, 16:3-4).[4] Further, the property parcel record states that the property has an assessed
9  value of $329,900 for 2012-13. (Doc. # 53, Ex. 4). Provided the relief sought in this case and the
10 state procedural bar on alleging specific money damages over $10,000, the court finds that this
11 requirement has been met. Thus, Land Title has sufficiently established an amount in controversy
12 over $75,000.

13 **ii.  Complete diversity**

14 It is well settled that in the context of diversity jurisdiction, a corporation is a citizen of (1)
15 the state under whose laws it is organized or incorporated; and (2) the state of its "principal place
16 of business." 28 U.S.C. § 1332(c)(1).

17 Plaintiff is a citizen of Nevada (doc. # 1-2, ¶ 3) and that Land Title is incorporated under the
18 laws of Nevada (doc. # 1-2, ¶ 9).[5] On this basis alone, there is not complete diversity between
19 defendants and plaintiff as required under 28 U.S.C. § 1332(a).

20 **iii.  Forum defendant rule**

21 Pursuant to the forum defendant rule, removal on the basis of diversity jurisdiction is
22 confined to "instances where no defendant is a citizen of the forum state." 28 U.S.C. § 1441(b); *see*
23 *also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006).[6]

---

[4] Pursuant to Nevada Rules of Civil Procedure 8(a), plaintiffs are barred from stating an exact amount of damages over $10,000. NEV. R. CIV. P. 8(a).

[5] Land Title also concedes that it is a Nevada corporation. (Doc. # 1, 2:5-7).

[6] Plaintiff's motion to remand was made within 30 days after filing the petition for removal. Thus, plaintiff's motion as to the procedural defect is properly within the 30-day time limit.

**James C. Mahan**
**U.S. District Judge**

- 6 -

As discussed, Land Title is a citizen of Nevada. Because this action was filed in state court in Nevada and because Land Title is a citizen of Nevada, the forum defendant rule bars Land Title from removing this action to federal court.

### III. Conclusion

Thus, based on the lack of complete diversity and the forum defendant rule, the court finds that it does not have subject matter jurisdiction and that there is a procedural defect in Land Title's removal of this case. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Trina F. Colon's motion to remand (doc. # 17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that all other pending motions before this court (docs. # 3, 24, 25, 26, 32, 66, 71, and 73) be, and the same hereby are, DENIED as moot.

IT IS FURTHER ORDERED that the clerk of the court remand this case to state court upon entry of this order.

DATED December 5, 2012.

_____
**UNITED STATES DISTRICT JUDGE**